IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

MALCOLM LOVELLE HARDRIDGE,  )
                                   )
          Petitioner,  )
                                   )
vs.  )       Case No. 03-CV-395-TCK-PJC
                                   )
WALTER DINWIDDIE, Warden,  )
                                   )
          Respondent.  )

## OPINION AND ORDER

Before the Court for consideration is Petitioner's 28 U.S.C. § 2254 petition for a writ of habeas corpus (Dkt. # 1). Petitioner, a state inmate, filed his petition *pro se*. He identifies three (3) claims in his petition. Respondent filed a response (Dkt. # 5) and provided the state court records (Dkt. #s 5 and 6) necessary for adjudication of Petitioner's claims. Petitioner filed a reply (Dkt. # 7) to Respondent's response. After Petitioner filed his *pro se* reply, attorney Steven Hightower entered his appearance on behalf of Petitioner and filed a supplemental reply (Dkt. # 11) to Respondent's response. For the reasons discussed below, the Court finds Petitioner's second claim is time barred and his first and third claims lack merit. Therefore, the petition for writ of habeas corpus shall be denied.

## *BACKGROUND*

Petitioner's claims in this case arise from the revocation of his suspended sentence and amendment of the Judgment entered in Tulsa County District Court, Case No. CF-1997-95. In that case, on May 1, 1997, Petitioner was sentenced pursuant to a plea agreement to two (2) concurrent twelve (12) year sentences for Trafficking in Illegal Drugs and Possession of Marijuana with Intent to Distribute Within 1000 feet of a Housing Project. Petitioner did not move to withdraw his guilty pleas and did not otherwise perfect a *certiorari* appeal in Case No. CF-1997-95.

On February 11, 2002, the State filed an Application to Revoke Suspended Sentence, alleging that the sentencing judge had suspended a portion of Petitioner's sentences, and that Petitioner had violated the terms of his probation by committing the crime of Possession of Marijuana with Intent to Distribute.  On February 12, 2002, the State filed a "Motion to Enforce J&S" requesting that Petitioner be returned to the custody of the Department of Corrections to serve his twelve (12) year sentence for Trafficking since a sentence for that crime may not be suspended under state law.  The state district court conducted a hearing on the motions on February 19, 2002. Petitioner appeared personally at the hearing and was represented by counsel.  The docket entry for that date reflects that "State's application granted.  Defendant previously sentenced to Count 1: 12 years DOC, Count 2: 12 years DOC.  Counts 1 and 2 concurrent. Defendant remanded to custody. Amended Judgment and Sentence issued."  Amended Judgments and Sentences were filed of record on March 7, 2002.  On April 5, 2002, "Corrected Judgments and Sentences" were filed of record.

Petitioner did not file a revocation appeal as provided by state law.  However, on June 12, 2002, he filed an application for post-conviction relief along with a supporting brief.  See Dkt. # 6, Post-Conviction O.R., Vol. I at 13-57.  He raised two (2) propositions of error as follows:

Proposition 1: The district court was without jurisdiction to suspend any portion of Petitioner's sentence imposed on May 1, 1997, because one of the Petitioner's concurrent 12 year sentences was for Trafficking in Illegal Drugs, therefore the suspended portion of the Petitioner's sentence was void from the minute the Petitioner began serving the suspended portion of his sentence.

Proposition 2: Judge Gillert lacked jurisdiction on April 5, 2002, to "vacate" Petitioner's judgment and sentence issued on May 15, 1997, and another intervening "amended judgment and sentence" issued on March 7, 2002, and then issue an order nunc pro tunc correcting the language of the original judgment and sentence that was vacated prior to the Court's entry of the nunc pro tunc order, thereby nullifying the court's order filed April 8, 2002.

(Id. at 14-15). On August 29, 2002, the state district court filed an order denying Petitioner's application for post-conviction relief. See id. at 68. Petitioner filed a post-conviction appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). By Order filed December 12, 2002, the OCCA remanded the matter to the state district court "for proper order and for completion of post-conviction appeal record." Id., Vol. II at 93. On January 3, 2003, the state district court entered its amended order denying Petitioner's first application for post-conviction relief. Id. at 87. Petitioner appealed and on April 25, 2003, in No. PC-2002-1196, the Oklahoma Court of Criminal Appeals ("OCCA"), in a thorough and detailed opinion examining the facts and relevant state law, affirmed the denial of post-conviction relief. See Dkt. # 2, Ex. C; Dkt. # 5, Ex. C.

On June 9, 2003, Petitioner filed his federal habeas corpus petition (Dkt. # 1), along with a supporting brief (Dkt. # 2). In his petition, Petitioner identifies three (3) propositions of error as follows:

Proposition 1: The State Court's denial of relief to Petitioner resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding whereby violating Petitioner's 14th Amendment Constitutional Right to Due Process and Equal Protection of the Law and Petitioner is entitled to Federal Habeas review under the provisions of 28 U.S.C. § 2254(d)(2).

Proposition 2: The District Court was without jurisdiction to suspend any portion of Petitioner's sentences imposed on May 1, 1997, because one of the Petitioner's concurrent 12 year sentences was for trafficking in illegal drugs, therefore, the suspended portion of the Petitioner's sentence was void from the minute the Petitioner began serving the suspended portion of his sentence, in violation of Petitioner's 14th Amendment Constitutional Right to due process of law.

Proposition 3: Judge Gillert lacked jurisdiction on April 5, 2002, to "vacate" Petitioner's judgment and sentence issued on May 15, 1997, and another intervening "amended judgment and sentence" issued on March 7, 2002, and then issue an order nunc pro tunc correcting the language of the original judgment and sentence that was vacated prior to the Court's entry of the nunc pro tunc

3

order, thereby nullifying the Court's Order filed April 8, 2002.

See Dkt. # 1.  In response to the petition, Respondent contends that the petition is time barred. In the alternative, Respondent argues that Petitioner is not entitled to habeas corpus relief and that the petition should be denied. See Dkt. # 5.

## ANALYSIS

### A.  Exhaustion/Evidentiary Hearing

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c).  Rose v. Lundy, 455 U.S. 509, 510 (1982).  Upon careful review of the post-conviction pleadings filed by Petitioner, the Court finds that federal constitutional claims of due process and double jeopardy were raised by Petitioner along with state law claims.  See Dkt. # 5, Ex. B at 9; Dkt. # 6, Post-Conviction O.R. Vol. I at 18.  As a result, the Court finds the exhaustion requirement has been satisfied in this case.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing.  See Michael Williams v. Taylor, 529 U.S. 420 (2000).

### B.  Petitioner is not entitled to habeas corpus relief

#### 1.  Petitioner's second claim is time-barred but first and third claims are timely

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

4

United States is removed, if the applicant was prevented from filing
by such State actions;

(C) the date on which the constitutional right asserted was
initially recognized by the Supreme Court, if the right has been newly
recognized by the Supreme Court and made retroactively applicable
to cases on collateral review; or

(D) the date on which the factual predicate of the claim or
claims presented could have been discovered through the exercise of
due diligence.

(2) The time during which a properly filed application for State post-
conviction or other collateral review with respect to the pertinent judgment or claim
is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The limitation period in this case runs from the later of the date on which Petitioner's
"judgment became final by the conclusion of direct review or the expiration of the time for seeking
such review," or the date when "the factual predicate of the claim or claims presented could have
been discovered through the exercise of due diligence." § 2244(d)(1)(A), (D).  In response to the
petition, Respondent asserts that the limitations period began to run when Petitioner's convictions
became final after entry of his pleas on May 1, 1997.  In contrast, Petitioner argues his claims
accrued on April 5, 2002, when he became aware of the factual predicate of his claims.

After careful review of Petitioner's claims and the record provided by the parties, the Court
finds that Petitioner's second claim identified in the petition, alleging that the state district court
lacked jurisdiction to enter a suspended sentence at the time of his conviction in CF-1997-95, is
barred by the statute of limitations.  Petitioner's second claim accrued when his convictions became
final.  For purposes of § 2244(d)(1)(A), because Petitioner failed to file a motion to withdraw his
guilty pleas in Case No. CF-1997-95, his convictions became final ten (10) days after
pronouncement of his Judgment and Sentence, or on May 11, 1997.  See Rule 4.2, *Rules of the Court
of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within

ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock for any claim challenging his convictions, began to run on May 11, 1997, and, absent a tolling event, a federal petition for writ of habeas corpus filed after May 11, 1998, would be untimely. United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). Petitioner did not seek post-conviction relief until June 12, 2002, or more than four (4) years after expiration of the one year period. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, the post-conviction proceeding commenced by Petitioner after expiration of the limitations period did not toll the one-year period. In addition, nothing in the record suggests Petitioner is entitled to equitable tolling. Therefore, the second claim asserted in the petition is untimely.

However, the Court finds that the first and third claims asserted in the petition arise from the corrective actions taken by the state courts. For those claims, pursuant to § 2244(d)(1)(D), Petitioner's one year limitations period began to run at the earliest on April 5, 2002, and Petitioner had until April 5, 2003, to file a timely federal petition for writ of habeas corpus challenging the state courts' actions in correcting his judgment and sentence. Absent a basis for statutory or equitable tolling of the limitations period, Petitioner's petition, filed June 9, 2003, would be untimely.

Pursuant to § 2244(d)(2), the limitations period was suspended during the time Petitioner had "a properly filed application for State post-conviction or other collateral review" pending in the state courts. On June 12, 2002, Petitioner filed an application for post-conviction relief. The application

was filed 297 days prior to the April 5, 2003, deadline. Pursuant to § 2244(d)(2), the limitations clock stopped running on June 12, 2002, and did not begin to run again until the state courts completed review of Petitioner's properly filed post-conviction proceeding.  The OCCA affirmed the denial of post-conviction relief on April 25, 2003.  Thus, the federal limitations period was tolled from June 12, 2002, through April 25, 2003. The limitations clock began to run again on April 25, 2003, and Petitioner had to file his federal petition within 297 days, or by February 16, 2004.  The petition in this matter was filed June 9, 2003, or well in advance of the deadline.  Accordingly, Petitioner's first and third claims, both premised on actions taken by the state courts to correct his Judgments and Sentences, were filed timely and shall be addressed in Parts B(2) and B(3), below.

### 2.  *Petitioner's first claim lacks merit*

As his first proposition of error, Petitioner complains that the state courts' denial of relief on the two claims raised in his application for post-conviction relief "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding . . . and Petitioner is entitled to habeas review under the provisions of 28 U.S.C. § 2254(d)(2)."  See Dkt. # 2 at 7.  The state courts' resolution of the post-conviction claims and application of the appropriate habeas corpus standards are discussed in part B(3) below.  As discussed in more detail below, the Court finds that to the extent Petitioner simply alleges that the state courts' rejection of his claims was based on erroneous application of state law, he is not entitled to habeas corpus relief.

To the extent Petitioner has argued that the OCCA's post-conviction ruling was fundamentally unfair and a violation of due process, see Dkt. # 7, the Court disagrees and finds no due process violation. The focus of the argument presented by Petitioner in support of his first claim is that the OCCA erred in determining that the issue of whether the state court judge intended to

enter a suspended sentence on the trafficking conviction was not material to the resolution of Petitioner's claims. See Dkt. # 2 at 10-12. Upon review of the OCCA's Order affirming the denial of post-conviction relief, the Court finds that the ruling did not render the post-conviction proceeding fundamentally unfair. Given Petitioner's decision to stand on his guilty pleas, see Dkt. # 6, Post-Conviction O.R., Vol. I at 24, the state district court was obligated, under controlling state law announced in Bumpus v. State, 925 P.2d 1208 (Okla. Crim. App. 1996), to vacate the unlawful portion of the sentencing orders and to enforce the remaining lawful portion. See Dkt. # 5, Ex. C at 11. The intent of the sentencing judge was not material to the state courts' resolution of Petitioner's post-conviction claims. Petitioner is simply not entitled to the relief he seeks: release from imprisonment based on the state district court's erroneous approval of a suspended sentence on a trafficking conviction entered in 1997.

### 3. Petitioner's third claim lacks merit

The AEDPA amended the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "is contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). In this case, the OCCA adjudicated the state law basis of Petitioner's third claim on post-conviction appeal. However, the OCCA did not specifically address Petitioner's federal claims as raised in this habeas corpus action. Nonetheless, there is no evidence that the state

court did not consider and reach the merits of Petitioner's claims.  Accordingly, in order to prevail on his habeas petition, Petitioner must satisfy the § 2254(d) standard. See Gipson v. Jordan, 376 F.3d 1193, 1196 (10th Cir. 2004) (citing Aycox v. Lytle, 196 F.3d 1174, 1177 (10th Cir. 1999)).

In his third claim, Petitioner challenges the trial court's jurisdiction "to vacate the Judgment and Sentences three years after imposing them and changing the terms of the sentence by Order Nunc Pro Tunc." See Dkt. # 2 at 5.  First, the Court finds Petitioner's claim that the state courts erred in applying state law shall be denied because it is not cognizable on federal habeas corpus review.  A federal habeas court has no authority to review a state court's interpretation or application of its own state laws. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions). Instead, when conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id.; 28 U.S.C. §§ 2254(a). Petitioner's third claim, insofar as it is based on violation of Oklahoma law, is not cognizable in this federal habeas corpus proceeding and shall be denied on that basis.

To be entitled to habeas corpus relief based on an allegation of erroneous application of state law, a petitioner must show that the violation of state law resulted in a denial of due process.  See Aycox v. Lytle, 196 F.3d 1174, 1179-80 (10th Cir. 1999) (citing Hicks v. Oklahoma, 447 U.S. 343, 346 (1980)).  "Moreover, the deprivation occasioned by the state's failure to follow its own law must be 'arbitrary in the constitutional sense'; that is, it must shock the judicial conscience." Aycox, 196 F.3d at 1180. In this case, the Court concludes that the rulings by the state courts were not violative of Petitioner's constitutional right to due process.  See Caille v. United States, 487 F.2d 614, 615-16 (5th Cir. 1973) (rejecting constitutional claims where the court "only set aside what it had no

9

authority to do and substitute[d] directions required by the law to be done upon the conviction of the offender" (quoting In re Bonner, 151 U.S. 242, 260 (1894))). Petitioner has failed to demonstrate entitlement to habeas corpus relief based on an alleged due process violation.  28 U.S.C. § 2254(d).

To the extent Petitioner's claim could be read as asserting a violation of the prohibition against Double Jeopardy contained in the United States Constitution, the Court finds Petitioner is not entitled to habeas corpus relief.  Courts have held that when a second sentence imposed on resentencing is more severe than the original sentence, the relevant double jeopardy analysis requires that we ask whether the defendant had a legitimate expectation of finality in his original sentence. See United States v. Rourke, 984 F.2d 1063 (10th Cir. 1992); United States v. Welch, 928 F.2d 915, 916 (10th Cir. 1991). A defendant cannot acquire a legitimate expectation of finality in a sentence which is illegal, because such a sentence remains subject to modification.  Rourke, 984 F.2d at 1066. In this case, the original sentence was illegal because no portion of Petitioner's sentence on his conviction of Trafficking could be suspended. Cf. Bozza v. United States, 330 U.S. 160, 166- 67 (1947) (sentence of prison term only under statute which required both prison term and fine was illegal and could be corrected without offending double jeopardy by resentencing to add fine). Because Petitioner lacked a reasonable expectation of finality in his original illegal sentence, the resentencing did not implicate double jeopardy concerns even though Petitioner was required to be imprisoned for a term that had been previously interpreted as being suspended.  See Rourke, 984 F.2d at 1066.  Habeas corpus relief shall be denied. 28 U.S.C. § 2254(d).

## CONCLUSION

Upon careful review of the record in this case, the Court concludes that the Petitioner has

not established that he is in custody in violation of the Constitution or laws or treaties of the United States.  Petitioner's second claim is barred by the statute of limitations and he has failed to demonstrate entitlement to habeas corpus relief under 28 U.S.C. § 2254(d) as to his first and third claims.  Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.	The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

2.	A separate Judgment shall be entered in this case.

DATED THIS 13th day of November, 2006.

TERENCE KERN
UNITED STATES DISTRICT JUDGE

11